UNITED STATES of America, Plaintiff,

v.

Pasquale MARCY, a/k/a Pat Marcy, and Fred Roti, Defendants.

No. 90 CR 1045.

United States District Court, N.D. Illinois, E.D.

June 20, 1991.

---

Terence Gillespie, Edward Genson, Genson, Steinback & Gillespie, Chicago, Ill., Pasquale Marcy a/k/a Pat Marcy.

Dan Webb, Steve Molo, Winston & Strown, Chicago, Ill., for Fred Roti.

Tom Durkin, Michael Shepard, Chicago, Ill., for U.S.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Defendants Pasquale Marcy and Fred Roti have filed several motions to dismiss, which we address in the following order: (1) the motion to dismiss Counts I and II; (2) the motion to dismiss racketeering acts 2(E)–(H) and 3, and Counts VIII, IX, X, XI, and XIII; and (3) the motion to dismiss Count III. For the reasons set forth below, all three motions are denied.

### I. Motion to Dismiss Counts I and II

Marcy and Roti offer three main arguments in support of their motion to dismiss Counts I and II. They claim that the government's indictment fails to allege a proper RICO enterprise; that Count I improperly alleges multiple conspiracies in a single count; and that Counts I and II should be dismissed for legal defects under Federal Rule of Criminal Procedure 8(b). Because the second and third arguments are essentially the same, we will address them in the same section.

### A. The Indictment Properly Alleges a RICO Enterprise

Defendants contend that the indictment is insufficiently specific with respect to the description of the alleged RICO enterprise. They argue that it "fails to offer any description whatsoever of this purported organization and its structure," and "merely mentions defendants Roti and Pasquale Marcy and describes the alleged racketeering acts." Motion at 2.

■ An indictment need not set forth evidentiary detail, and should not be dismissed where it contains the elements of the offense charged, informs the defen-

dants of the charges, and enables them to avoid future prosecutions for the same offense(s). *United States ex rel. Ballard v. Bengston,* 702 F.2d 656, 660 (7th Cir.1983) (citing *Russell v. United States,* 369 U.S. 749, 763–64, 82 S.Ct. 1038, 1046–47, 8 L.Ed.2d 240 (1962)).

■ Here, Count I alleges that an "enterprise" existed, "consisting of a group of individuals associated in fact known as 'The First Ward,' which included defendants Pasquale Marcy and Fred Roti, and which also included other members known and unknown to the grand jury. The individual members of the enterprise frequently met at Counselor's Row Restaurant in Chicago. Among the purposes of the enterprise were obtaining money, obtaining and maintaining influence over official decisions, and exercising influence over official decisions." The Fifth Circuit upheld less detailed allegations in *United States v. Mitchell,* 777 F.2d 248, 259 (5th Cir.1985), *cert. denied,* 475 U.S. 1096, 106 S.Ct. 1493, 89 L.Ed.2d 895, *cert. denied,* 476 U.S. 1184, 106 S.Ct. 2921, 91 L.Ed.2d 549 (1986). There, the indictment defined the enterprise as " 'a group of individuals associated in fact, to promote and facilitate the illegal importation and smuggling of multi-ton quantities of marijuana * * * into the United States from places outside the United States, and the distribution of said marijuana.' " *Id.* (quoting indictment) (ellipses in original). We find that the indictment here, supplying greater detail (including the name of the organization and the location at which its members frequently met) than the indictment in *Mitchell,* adequately defines the alleged enterprise. *See id.*

■ Defendants' other "enterprise" contention is that the indictment fails to allege an enterprise separate and apart from the defendants themselves and the pattern of racketeering. Motion at 4. The defendants confuse pleading and proof requirements; to the extent that their claim goes to the sufficiency of the indictment, it fails, and to the extent that it depends on proof to be presented at trial, it is premature. The indictment itself survives the motion to

dismiss; neither of the enterprise arguments are compelling.

### B. Count I Does Not Improperly Allege Multiple Conspiracies in a Single Count

■ Marcy and Roti argue that Count I impermissibly alleges multiple conspiracies in a single count, and must be dismissed for that reason. Motion at 6. Similarly, they assert that Counts I and II are improperly joined (under Fed.R.Crim.P. 8(b)) because there is no single conspiratorial agreement. *Id.* at 13. Both of these contentions fail.

Count I alleges an 18 U.S.C. § 1962(d) (1988) conspiracy. Section 1962(d) "is capable of providing for the linkage in one proceeding of a number of otherwise distinct crimes and/or conspiracies through the concept of enterprise conspiracy." *United States v. Neapolitan*, 791 F.2d 489, 501 (7th Cir.), *cert. denied*, 479 U.S. 939, 107 S.Ct. 421, 93 L.Ed.2d 371, *cert. denied*, 479 U.S. 940, 107 S.Ct. 422, 93 L.Ed.2d 372 (1986). We recently reiterated that " 'a series of agreements that under pre-RICO law would constitute multiple conspiracies could under RICO be tried as a single "enterprise" conspiracy' in violation of § 1962(d)." *United States v. Andrews*, 754 F.Supp. 1161, 1169 (N.D.Ill.1990) (quoting *United States v. Sutherland*, 656 F.2d 1181, 1192 (5th Cir.1981), *cert. denied*, 455 U.S. 949, 102 S.Ct. 1451, 71 L.Ed.2d 663), *cert. denied*, 455 U.S. 991, 102 S.Ct. 1617, 71 L.Ed.2d 852 (1982); *cf. United States v. Walters*, 711 F.Supp. 1435, 1447 (N.D.Ill. 1989) (RICO conspiracy charge upheld; "[t]hat the predicate acts may themselves be separate conspiracies does not invalidate the count"), *rev'd on other grounds*, 913 F.2d 388 (7th Cir.1990).

The fact that the "purported overt acts in furtherance of th[e] conspiracy," Motion at 6–7, were spread out over several years, and that Roti is not alleged to have participated in all of the acts, is irrelevant. The indictment alleges that Roti (and Marcy) agreed to influence official decisionmaking through a pattern of racketeering; that "certain defendants" are charged "with substantially more conspiratorial activity than others" does not justify dismissal or a finding of misjoinder under Fed.R.Crim.P. 8(b). *Andrews*, 754 F.Supp. at 1169 (citing cases). Mere temporal breadth is similarly insufficient to counsel dismissal or a finding of misjoinder. *Id.* at 1164 (El Rukn enterprise's alleged acts committed over twenty-four year period, 1966–1989).

We reject Marcy and Roti's three principal arguments. The government's indictment sufficiently alleges an enterprise, and does not impermissibly allege multiple conspiracies. Accordingly, we deny defendants' motion to dismiss Counts I and II.

### II. Motion to Dismiss Racketeering Acts 2(E)–(H) and 3, and Counts VIII, IX, X, XI, and XIII

The government alleges that Marcy and Roti committed extortion in violation of 18 U.S.C. § 1951 (1988). This charge is detailed in racketeering acts 2(E)–(H) and 3, and Counts VIII, IX, X, XI, and XIII. Marcy argues that insofar as those allegations are made against him and track the language of the statute (money payments "induced ... under color of official right" or by wrongful use of actual and threatened fear of economic harm), they must be dismissed.

The argument is grounded in the fact that Marcy is not a public official, and therefore must be legally incapable of committing extortion "under color of official right." Motion at 2. Marcy appears to recognize case law contrary to his position, but contends the statute's "under color of official right" language does not cover conduct committed by private individuals. *Id.* at 3.

■ The simple fact that Marcy is not a public official does not preclude an "official right" extortion prosecution. If Marcy aided, abetted, or conspired with a public official to commit extortion he is guilty of violating § 1951 regardless of his own official or non-official position. *United States v. Finley*, 705 F.Supp. 1272, 1279–83 (N.D.Ill.1988). Further, if the victim reasonably perceives the defendant as exercising control over official decisionmaking, a § 1951 "official right" charge is also prop-

er. *United States v. Phillips*, 586 F.Supp. 1118 (N.D.Ill.1984); *accord Finley*, 705 F.Supp. at 1279–82. We accept in the context of the motion to dismiss the government's representation that it "expects to be able to establish [that Marcy had the actual or residual or anticipated official power to deliver on his promises]"; this is far more than it needs to do to withstand dismissal of the "official right" allegations. Consolidated Response at 12.

■ Marcy and Roti also contend that a "public official must affirmatively induce payments [of money] to violate" § 1951; the statute is not violated, they argue, "where, as here, the defendant does not solicit or seek payments, but passively accepts them with knowledge that his office provides the motivation for the payments." Motion at 4. The Seventh Circuit, however, has decided that " 'it is extortion if the official knows that the bribe, gift, or other favor is motivated by a hope that it will influence him in the exercise of his office and if, knowing this, he accepts the bribe,' " even if not solicited. *United States v. Garner*, 837 F.2d 1404, 1421–22 (7th Cir.1987) (rejecting *United States v. O'Grady*, 742 F.2d 682 (2d Cir.1984) (en banc)), *cert. denied*, 486 U.S. 1035, 108 S.Ct. 2022, 100 L.Ed.2d 608 (1988); *see also United States v. O'Connor*, 910 F.2d 1466, 1468–69 (7th Cir.1990) (rejecting both *O'Grady* and *United States v. Aguon*, 813 F.2d 1413 (9th Cir.1987), *modified*, 851 F.2d 1158 (1988) (en banc)), *cert. denied*, —— U.S. ——, 111 S.Ct. 953, 112 L.Ed.2d 1041 (1991).[1] It is not for us to say, as defendants urge, that "*O'Grady* and *Aguon* represent the better approach, and one that should be followed here." Motion at 6.[2]

Defendants' arguments concerning actual and threatened fear are convoluted at best. We cross-apply the above analysis (since, as the government points out, the statute's grammatical structure would lend itself to similar analysis) and accept the government's representation that "the indictment specifically *does* allege such inducement." Consolidated Response at 14 (emphasis in original).

■ Finally, Marcy and Roti suggest that § 1951 does not proscribe attempted extortion. Motion at 9. This is contrary to Seventh Circuit case law, notwithstanding defendants' attempts at revisionary interpretation. *See United States v. Rindone*, 631 F.2d 491, 493 (7th Cir.1980); *see also United States v. Davis*, 673 F.Supp. 252, 259–60 (N.D.Ill.1987) (construing *Rindone* ).

The motion to dismiss racketeering acts 2(E)–(H) and 3, and Counts VIII, IX, X, XI, and XIII is denied; defendants' § 1951 arguments are unavailing.

### III. Motion to Dismiss Count III

■ The government charges in Count III of the indictment that Marcy and Roti violated 18 U.S.C. § 666 (1988), which provides, in pertinent part, that:

(a) Whoever, if the circumstance described in subsection (b) of this section exists—

\* \* \* \* \* \*

(2) corruptly gives, offers, or agrees to give anything of value to any person, with intent to influence or reward an agent of an organization or of a State, local or Indian tribal government, or any agency thereof, in connection with any business, transaction, or series of transactions of such organization, government, or agency involving anything of

---

**1.** The Supreme Court did not resolve the split among the various Circuits in its recent opinion in *McCormick v. United States*, —— U.S. ——, —— n. 5, 111 S.Ct. 1807, 1813 n. 5, 114 L.Ed.2d 307 (1991).

**2.** We must say, however, that we find defendants' analysis a bit thin. Marcy and Roti argue that we should decline to follow Seventh Circuit precedent because a "better approach" is available. The Seventh Circuit test, they maintain,

"represents an overbroad construction" of § 1951; indeed, "[s]uch a position gives a federal prosecutor too much latitude in setting standards of good government and deprives the individual of fair notice of proscribed conduct." Motion at 6. We would hazard a guess that most Americans—and not just most Chicagoans or Illinoisans—would not consider the prosecution of those who knowingly accept bribes an affront to any notions of notice or fair play.

value of $5,000 or more; shall be fined under this title, imprisoned not more than 10 years, or both.

(b) The circumstance referred to in subsection (a) of this section is that the organization, government, or agency receives, in any one year period, benefits in excess of $10,000 under a Federal program involving a grant, contract, subsidy, loan, guarantee, insurance, or other form of Federal assistance.

18 U.S.C. § 666. Defendants contend that the government manufactured federal jurisdiction by unilaterally assigning a value of $100,000 to the undercover case upon which this count is based. Motion at 2–4.

As the government points out, however, the dollar value of the undercover case was critical to the operation's credibility. Consolidated Response at 28. Therefore, the $100,000 value, more than sufficient to create jurisdiction, was not a "labored pretense" that " 'served no purpose' " other than to create jurisdiction. *United States v. Anderson*, 809 F.2d 1281, 1288 (7th Cir. 1987). The value of the undercover operation fit within the overall undercover scenario, and does not approach the outrageous government conduct that might warrant dismissal of the indictment. *United States v. Archer*, 486 F.2d 670, 681–82 (2d Cir.1973) does not go nearly as far as Marcy and Roti argue. *See United States v. Podolsky*, 625 F.Supp. 188, 193 (N.D.Ill. 1985) (*Archer* "read narrowly" by later courts), *aff'd*, 798 F.2d 177, 180–81 (7th Cir.1986) (absent outrageous government conduct, claim that federal jurisdiction manufactured not reviewable; remedy, if any, a political one).

Marcy and Roti's motion to dismiss Count III is denied.

### IV. Overall Conclusion

Defendants filed three motions: (1) a motion to dismiss Counts I and II; (2) a motion to dismiss racketeering acts 2(E)–(H) and 3, and Counts VIII, IX, X, XI, and XIII; and (3) a motion to dismiss Count III. Each of defendants' motions to dismiss are denied for the reasons set forth above. It is so ordered.