UNITED STATES of America, Plaintiff,

v.

Pasquale MARCY, a/k/a Pat Marcy, and Fred Roti, Defendants.

No. 90 CR 1045.

United States District Court, N.D. Illinois, E.D.

July 24, 1991.

Terence Gillespie, Edward Genson, Genson, Steinback & Gillespie, Chicago, Ill., for Pasquale Marcy a/k/a Pat Marcy.

Dan Webb, Steven Molo, Winston & Strawn, Chicago, Ill., for Fred Roti.

Tom Durkin, Michael Shepard, Chicago, Ill., for the Government.

MEMORANDUM OPINION
AND ORDER

ASPEN, District Judge:

On June 20, 1991, we denied various motions to dismiss filed by defendants Pasquale Marcy and Fred Roti, including Mar-

cy's motion to dismiss racketeering act 3 and Count XIII. *United States v. Marcy*, 777 F.Supp. 1393 (N.D.Ill.1991). We rejected Marcy's contention that as a private citizen he "must be legally incapable of committing extortion 'under color of official right.'" *Id.* at 1396. Marcy has now filed a motion to reconsider this ruling in light of the Seventh Circuit's recent opinion in *United States v. McClain*, 934 F.2d 822 (7th Cir.1991).[1] We reconsider our opinion in light of *McClain*, but reaffirm our denial of Marcy's motion to dismiss.

As we pointed out in our prior opinion, the government alleges that Marcy and Roti committed extortion in violation of 18 U.S.C. § 1951 (1988). It details this charge in racketeering acts 2(E)–(H) and 3, and Counts VIII, IX, X, XI, and XIII. After considering Marcy's arguments to the contrary, we found that

> [t]he simple fact that Marcy is not a public official does not preclude an "official right" extortion prosecution. If Marcy aided, abetted, or conspired with a public official to commit extortion he is guilty of violating § 1951 regardless of his own official or non-official position. *United States v. Finley*, 705 F.Supp. 1272, 1279–83 (N.D.Ill.1988). Further, if the victim reasonably perceives the defendant as exercising control over official decisionmaking, a § 1951 "official right" charge is also proper. *United States v. Phillips*, 586 F.Supp. 1118 (N.D.Ill.1984); *accord Finley*, 705 F.Supp. at 1279–82. We accept in the context of the motion to dismiss the government's representation that it "expects to be able to establish [that Marcy had the actual or residual or anticipated official power to deliver on his promises]," far more than it needs to do to withstand dismissal of the "official

right" allegations. Consolidated Response at 12.
*United States v. Marcy*, at 1396–1397.

Marcy now contends that, in *McClain*, the Seventh Circuit "held that a private person could not commit extortion under color of official right," Motion to Reconsider at 2, and, indeed, "reverse[d] aspects of the district court's opinion on the 'color of official right' issue in [*United States v.*] *Finley* [934 F.2d 837 (7th Cir.1990) ]" *id.* at 2 n. 2; *see also* Defendants' Supplemental Memorandum at 4 (Seventh Circuit has "settled" a district court split and "establishe[d] that Pat Marcy, a private citizen, cannot be indicted for allegedly committing extortion 'under color of official right.'"). This, he suggests, warrants dismissal of racketeering act 3 and Count XIII.

We do not read *McClain* so broadly, however. The Seventh Circuit—in dicta (see *McClain*, at 836 (Easterbrook, J., concurring))—did say that "as a general matter and with caveats as suggested here, proceeding against private citizens on an 'official right' theory is inappropriate under the literal and historical meaning of the Hobbs Act, irrespective of the actual 'control' that citizen purports to maintain over governmental activity." *McClain*, at 831. Significantly, though, the court acknowledged that its analysis "does [not] grant private persons immunity from 'official right' suits when they act in coordination with public officers." *Id.* at 830.[2]

The court cited *United States v. Margiotta*, 688 F.2d 108, 130–133 (2d Cir.1982), in support of its "coordinated action" exception. As the government points out, "the Second Circuit held that Margiotta could be convicted of extortion by taking money himself and causing a public official to act, 'even th[ ]ough the public official may have been a mere innocent intermediary,' 688 F.2d at 132, and even though 'it is likely that the public officials [themselves] could

---

1. Marcy and Roti filed a supplemental memorandum addressing *McClain,* and the government filed a response to that supplemental memorandum, prior to the issuance of our June 20 opinion. Due to an apparent administrative oversight, however, we did not receive copies of these briefs for consideration in preparation of our June 20, 1991 opinion—and, indeed, did not

become aware of them until we received Marcy's motion to reconsider.

2. Coordinated action is one of the two caveats outlined by the court. The other applies where a "private person actually masquerad[es] as a public official." *McClain,* at 830.

not be found guilty of a Hobbs Act violation under color of official right.' *Id.* As the court held, once the defendant took the money and caused the public officials to act, the defendant was properly viewed as having 'adopt[ed] not only [the officials'] act but [their] capacity as well.' *Id.*" Response to Supplemental Memorandum at 5 (quoting *McClain*).

Racketeering act 3(B), really the only subpart of racketeering act 3 at issue,[3] and Count XIII allege that Marcy "sold a Cook County Circuit Court Associate Judgeship in that he agreed to accept and tender a bribe from a relative of a person seeking a position as an Associate Judge of the Circuit Court of Cook County, and then successfully made efforts to obtain a judgeship for that person." *See* Count I, ¶ 10 (detailing judgeship allegation). Associate Judges in Cook County are selected by public officials. *Id.* at ¶ 2(D)(2). Further, the indictment alleges that Marcy "together with others known and unknown to the grand jury, did commit and cause to be committed," *inter alia*, § 1951 extortion. These allegations, taken together, aver that Marcy acted in coordination with certain public officers (those persons, "known and unknown to the grand jury," responsible for the selection of Associate Judges) in such a manner as to expose himself to an "official right" charge. Whether or not the government at trial can offer evidence to prove the requisite elements of the offense charged, the charges, as stated in the indictment, are certainly sufficient to withstand a motion to dismiss.

Accordingly, we deny Marcy's motion to reconsider. It is so ordered.

---

3. Racketeering act 3(A) alleges violation of Ill. Rev.Stat. ch. 38, para. 33–1(e), prohibiting bribery. The government has agreed to delete reference to extortion and 18 U.S.C. § 1951 in racketeering act 3(C) (as well as similar references in Count XIV), Response to Supplemental Memorandum at 5 n. 5, thereby mooting Marcy's motion to reconsider as to that subpart.